# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ANN M. GALLOWAY,

              Plaintiff,

v.                                           No. 14cv834 MV/GBW

STATE FARM FIRE & CASUALTY CO., *et al.*,

              Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court *sua sponte.*

Plaintiff, proceeding *pro se*, filed a Complaint on September 12, 2015, an Amended Complaint on September 22, 2015, and a Second Amended Complaint on September 25, 2015. *See* Doc's 1, 7 and 8.   On October 2, the Court denied Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, Doc. 2.   *See* Mem. Op. and Order, Doc. 11.   Plaintiff paid the filing fee on October 7, 2015.   *See* Doc. 12.

There is no indication in the docket that Plaintiff has had the summons and complaint served on Defendants as required by Federal Rule of Civil Procedure 4(c) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)). Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.   But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).   Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this action without prejudice for failure to serve the summons and Second Amended Complaint within the time allowed.   Failure to timely show good cause may

result in dismissal of this action without prejudice and without further notice.

Plaintiff also shall, within 21 days of entry of this Order, file a supplement to her Second Amended Complaint which contains a short and plain statement of the grounds for the Court's jurisdiction, as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure.   The statements in her Second Amended Complaint do not show that the Court has jurisdiction over this action. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

Plaintiff states that the Court has federal question jurisdiction with the federal question being:   "Is the 'Lien Protection Efficiency Act' [48-1A-1 to 48-1A-9 NMSA 1978] constitutional?"   Second Amended Complaint at 3.   The facts alleged in the Second Amended Complaint relate to an accident where Plaintiff was struck by a vehicle and the alleged failure of Defendant insurance companies and employees to compensate Plaintiff for her injuries and medical bills.   The Second Amended Complaint asserts four state-law counts: (i) Breach of Contract and Fiduciary Duties; (ii) Breach of the Covenant of Good Faith and Fair Dealing; (iii) Unconscionable Trade Practice; and (iv) Violations of the New Mexico Unfair Claims and Trade Practices Acts.   *See* Doc. 8-1 at 43-49.   Despite her conclusory allegation on page 3, the Second Amended Complaint does not challenge the constitutionality of the "Lien Protection Efficiency Act."   *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."); *Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435, 436-37 (10th Cir. 1992) ("The characterization

2

of the action and the claim for relief by a pro se litigant is not dispositive on the availability of relief in federal court").

Plaintiff also makes a few references to some federal statutes in her Second Amended Complaint and makes conclusory allegations regarding the purpose of the statutes and that Defendants violated the statutes.  *See* Doc. 8 at 2, 4, 8, 15-16, 28, 29, 33, 42.   Those allegations, however, do not demonstrate that the Court has federal question jurisdiction over her claims. 28 U.S.C. § 1331 vests federal district courts with jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."  *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

Plaintiff cites the Federal Trade Commission Act, 15 U.S.C. § 41 et seq. and specifically 15 U.S.C. § 54, which sets forth penalties for disseminating false advertising.  *See* Second Amended Complaint at 2, 4 8, 15-16 28-29.   She also cites 18 U.S.C. §§ 241, 242, as examples of "laws that require insurance companies to not cause Plaintiff injury;" §§ 241 and 242 set forth criminal penalties for conspiracy to injure or threaten persons in the free exercise of their rights under the Constitution or laws of the United States and for the deprivation of those rights under color of state law.  *See id.* at 33.    However, she has not shown she is entitled to relief under those statutes.  *See Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Plaintiff also cites 42 U.S.C. §§ 1983 (civil action for deprivation of rights), 1985 (conspiracy to interfere with civil rights) and 1986 (action for neglect to prevent conspiracy to interfere with civil rights), as examples of "laws that require insurance companies to not cause

Plaintiff injury;" but does not allege any claims for relief based on those statutes.  *See* Second Amended Complaint at 33.

Plaintiff asserts that Defendant Progressive Insurance, by having "no intention of performing their fiduciary duty and legal responsibility to their first party insured," violated 41 U.S.C. § 6503 and 29 U.S.C. §§ 1002, 1104 and 1106(b).  Section 6503 sets forth remedies *available to the federal government* in case of breach or violation of a representation included in a contract "made by an agency of the United States for the manufacture or furnishing of materials, supplies articles, or equipment, in an amount exceeding $10,000."  *See* 41 U.S.C. § 6502. Sections 1002, 1104 and 1106(b) relate to fiduciary duties regarding employee welfare benefit plans and employee pension benefit plans.  The insurance policies at issue in Plaintiff's Second Amended Complaint appear to be motor vehicle insurance policies and not part of any employee benefit plan subject to the Employee Retirement Income Security Program, 29 U.S.C. §§ 1001 *et seq.*

Plaintiff cites 15 U.S.C. § 1125(a) in reference to another case. *See* Second Amended Complaint at 42.   It does not appear the Plaintiff is alleging any claims based on Section 1125(a), and it appears that Section 1125(a) is not applicable to this case because Section 1125(a), which provides for civil actions for persons damaged by false or misleading representations, was created as a special and limited remedy for unfair competition.

Failure to timely file a supplement which shows that the Court has jurisdiction over this action may result in dismissal of this action without prejudice.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, show cause

why the Court should not dismiss this action without prejudice for failure to timely serve
Defendants with a summons and Second Amended Complaint.

     **IT IS ALSO ORDERED** that Plaintiff shall, within 21 days of entry of this Order, file a
supplement to her Second Amended Complaint which contains a short and plain statement of the
grounds for the Court's jurisdiction.

 

_____

**UNITED STATES MAGISTRATE JUDGE**